I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION

MDL No. 2875

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the Northern District of California action listed on Schedule A (*Bokhari*) moves under Panel Rule 7.1 to vacate the order conditionally transferring *Bokhari* to MDL No. 2875. Defendants Torrent Pharmaceuticals Limited, Torrent Pharma, Inc., Hetero Labs Ltd., Hetero USA, Inc., Camber Pharmaceuticals, Inc. (Camber), and CVS Pharmacy Inc. oppose the motion and support transfer.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2875, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like many of the already-centralized actions, plaintiff alleges that she purchased generic losartan that contained carcinogenic nitrosamines and that she suffered injury and damages as a result. *See In re Valsartan Prods. Liab. Litig.*, MDL No. 2875, — F. Supp. 3d —, 2019 WL 8229176, at *2-3 (J.P.M.L. Dec. 18, 2019).

In opposing transfer, plaintiff principally argues that *Bokhari* is unique because it involves losartan rather than valsartan. But we recently expanded the scope of MDL No. 2875 to include losartan actions, explaining that "valsartan, losartan, and irbesartan actions will present common factual questions as to the cause of the nitrosamine impurities and, in particular, alleged common defects in the manufacturing process; when defendants knew or should have known of the impurities; and whether the amounts of nitrosamines in the medications presented a risk of cancer or other injuries." *See id.* at *3. Plaintiff argues that this decision was in error because losartan, valsartan, and irbesartan are distinct drugs with different factual backgrounds, and including them all in a single MDL is inefficient. We previously considered these arguments and rejected them. *See id.* at *2 ("valsartan, losartan, and irbesartan, while distinct, allegedly involve common manufacturing practices by common defendants that have resulted in the same types of impurities"). We also stated the parties can "raise their concerns about efficiency with the transferee court and propose measures to address these issues." *Id.*

Plaintiff's other objections to transfer are unconvincing. She argues that her California law claims and legal theories do not overlap with the actions in the MDL. We often have held that the involvement of allegedly unique state laws is no impediment to transfer, explaining that "the

---

[*] Judge Karen K. Caldwell did not participate in the decision of this matter.

presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core."[1] Plaintiff additionally argues that her individual personal injury action is not aligned with the class actions in the MDL. But MDL No. 2875 includes numerous personal injury actions as well as class actions. We routinely include individual and class actions in a single MDL.[2] Plaintiff then asserts that she will not be represented adequately in the MDL, as plaintiffs' lead counsel and court-appointed attorney committees control discovery. We find plaintiff's concerns about inadequate representation speculative. Moreover, we previously have transferred actions over a plaintiff's objections to court-appointed lead counsel, noting that arguments as to any alleged deficiencies in the MDL leadership are properly directed to the transferee court.[3] Lastly, she argues that transfer will be inconvenient and unjust, due to the travel burden, increased costs, anticipated delays in discovery, and personal difficulties. We are sympathetic to plaintiff's concerns, but they do not justify denial of transfer. The Panel looks to "the overall convenience of the parties and witnesses, not just those of the parties to a single action."[4]

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Robert B. Kugler for inclusion in the coordinated or consolidated pretrial proceedings.

---

[1] *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2800, Transfer Order, at 2 (J.P.M.L. Oct. 5, 2018). Additionally, it is "within the very nature of coordinated or consolidated pretrial proceedings . . . for the transferee judge to be called upon to apply the law of more than one state." *Id.*

[2] *See In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015)

[3] *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2493, Transfer Order (*Bank*), at 1 (J.P.M.L. Dec. 12, 2014) ("plaintiff's objections to lead and liaison counsel do not warrant vacating the [CTO] because, in essence, they concern the manner in which pretrial proceedings are being conducted and, thus, are properly directed to the transferee judge"); *see also In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, Transfer Order (*King Seafood, et al.*), at 2 (J.P.M.L. Aug. 9, 2013) ("[P]laintiffs assert that transfer would strip them of their counsel . . . . Specifically, plaintiffs argue that the MDL Plaintiffs' Steering Committee cannot adequately or ethically represent both them and [certain other plaintiffs] . . . . Such an argument, however, is properly directed to Judge Barbier and not to us.").

[4] *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1352 (J.P.M.L. 2012).

PANEL ON MULTIDISTRICT LITIGATION

_____
Ellen Segal Huvelle
Acting Chair

R. David Proctor            Catherine D. Perry
Nathaniel M. Gorton      Matthew F. Kennelly
David C. Norton

IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN
PRODUCTS LIABILITY LITIGATION        MDL No. 2875

## SCHEDULE A

Northern District of California

BOKHARI v. TORRENT PHARMACEUTICALS LIMITED, ET AL.,
C.A. No. 4:19-08045